## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | **Civil Action** |
| **3938 N. 9th Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | Formerly |
| | : | **Court of Common Pleas** |
| **OFFICER BRYAN OUTTERBRIDGE** | : | **Trial Division—Civil** |
| **BADGE # 215673** | : | **JANUARY TERM, 2022** |
| **Individually and as a police officer for the** | : | **No. 01772** |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | **JURY TRIAL DEMANDED** |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **Defendants** | : | |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, City of Philadelphia and Officer Bryan Outterbridge, (hereinafter "petitioners"), through their counsel, Katelyn Mays, Assistant City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Eastern District of Pennsylvania.  In support thereof, defendant state the following:

1.     On January 21, 2021, the plaintiff filed the Complaint in this action in the Court of Common Pleas in Philadelphia, January Term 2022; No. 220101772.  (Exhibit "A.")

2.     On April 8, 2022, the plaintiff filed the Amended Complaint in this action. (Exhibit "B.")

3.     In Counts I, and II of the Amended Complaint, the plaintiff seeks relief against petitioners pursuant to 42 U.S.C. § 1983 for alleged deprivations of his rights protected by the Constitution of the United States.  (*Id.*)

4.     In Count V of the Amended Complaint, the plaintiff seeks relief against petitioners pursuant to 42 U.S.C. § 1985 for alleged deprivation of his rights protected by the Constitution of the United States. (*Id.*)

5.     28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.     The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

7.     True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "C," will be served upon the plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

8.     In filing this Notice of Removal, the petitioners do not waive any available defenses in this action.

**Wherefore,** petitioner, City of Philadelphia and Officer Bryan Outterbridge respectfully requests that the captioned Complaint be removed to the United States District Court for the Eastern District of  Pennsylvania.

Respectfully submitted,

Anne B. Taylor
Chief Deputy City Solicitor

BY:        */s/ Katelyn Mays*
           Katelyn Mays
           Assistant City Solicitor
           Attorney I.D. No. 324246
           City of Philadelphia Law Department
           1515 Arch Street, 14th Floor
           Philadelphia, PA  19102
           215-683-5434

Date:  May 4, 2022

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **MALIK JONES,** | : | **Civil Action** |
| **3938 N. 9th Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO: _____** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | Formerly |
| | : | **Court of Common Pleas** |
| **OFFICER BRYAN OUTTERBRIDGE** | : | **Trial Division—Civil** |
| **BADGE # 215673** | : | **JANUARY TERM, 2022** |
| **Individually and as a police officer for the** | : | **No. 01772** |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | **JURY TRIAL DEMANDED** |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **Defendants** | : | |

---

## NOTICE OF FILING OF REMOVAL

TO:   Daniel J. Devlin, Esquire
        Van der Veen, Hartshorn, and Levin
        1219 Spruce Street
        Philadelphia, PA 19107

PLEASE TAKE NOTICE THAT on May 4, 2022, the defendant, City of Philadelphia and Officer Bryan Outterbridge  filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

*/s/ Katelyn Mays*
**Katelyn Mays**
**Assistant City Solicitor**
**Attorney I.D. No. 324246**
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5434

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **MALIK JONES,** | : | **Civil Action** |
| **3938 N. 9th Street** | : | |
| **Philadelphia, PA 19104** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO:** _____ |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | Formerly |
| | : | **Court of Common Pleas** |
| **OFFICER BRYAN OUTTERBRIDGE** | : | **Trial Division—Civil** |
| **BADGE # 215673** | : | **JANUARY TERM, 2022** |
| **Individually and as a police officer for the** | : | **No. 01772** |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | **JURY TRIAL DEMANDED** |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **Defendants** | : | |

---

## <u>CERTIFICATE OF SERVICE</u>

I, Katelyn Mays, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the plaintiff's attorney and the co-defendants on the date indicated below via email:

TO:   Daniel J. Devlin, Esquire
        Van der Veen, Hartshorn, and Levin

1219 Spruce Street
Philadelphia, PA 19107


*/s/ Katelyn Mays*
**Katelyn Mays**
**Assistant City Solicitor**
**Attorney I.D. No. 324246**


Date: May 4, 2022

Exhibit "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 11/15/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial de novo on appeal from a decision entered by a Judge.

**VAN DER VEEN, HARTSHORN & LEVIN**
BY:    **Daniel J. Devlin**
       **ID No. 306573**
       **1219 Spruce Street**
       **Philadelphia, PA 19107**
       **P: (215) 546-1000**
       **F: (215) 546-8529**

*Filed and Attested by the
Office of Judicial Records
21 JAN 2022 03:22 pm
S. RICE*

**ARBITRATION MATTER**
**ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| **3938 N. 9th Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19140** | : | **CIVIL ACTION** |
| | : | |
|       **Plaintiff,** | : | |
| | : | |
| **v.** | : | **JANUARY TERM, 2022** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | No. _____ |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #215673** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
|       **Defendants.** | : | |

1

Case ID: 220101772

# NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  215-238-6333

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  215-238-6333

2

Case ID: 220101772

**VAN DER VEEN, HARTSHORN & LEVIN**
**BY:**   **Daniel J. Devlin**
      **ID No. 306573**
      **1219 Spruce Street**
      **Philadelphia, PA 19107**
      **P: (215) 546-1000**          **ARBITRATION MATTER**
      **F: (215) 546-8529**          **ATTORNEY FOR PLAINTIFF**

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| **3938 N. 9th Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19140** | : | **CIVIL ACTION** |
| | : | |
|           **Plaintiff,** | : | |
| **v.** | : | **JANUARY TERM, 2022** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | **No. _____** |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #215673** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
|           **Defendants.** | : | |

## COMPLAINT

1.    Plaintiff Malik Jones is an adult individual who, at all times relevant hereto,

resided at the address indicated above.

3

Case ID: 220101772

2.      Defendant City of Philadelphia is a municipality existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at the address indicated above.

3.       Defendant City of Philadelphia owns, operates, manages, directs and controls the Philadelphia Police Department, a law enforcement agency, which employs the other named defendants.

4.      Defendant City of Philadelphia is the legal entity and municipal policymaker responsible for the Philadelphia Police Department and possesses final policy-making and decision-making authority over the Philadelphia Police Department and its officers pursuant to state and local law.

5.      Defendant Officer Bryan Outterbridge is an adult individual who, at all times relevant hereto, was employed at the address indicated above as a police officer with the Philadelphia Police Department. He is being sued in his individual capacity.

6.      At all times relevant hereto, Defendant Outterbridge was employed as a police officer by the City of Philadelphia Police Department and was acting with the course and scope of his employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

7.      Defendant John Doe Philadelphia Police Officers #1-10 are adult individuals who, at all times relevant hereto, were employed at the address indicated above as police officers with the Philadelphia Police Department. They are being sued in their individual capacity.

8.      Defendant John Doe Philadelphia Police Officers #1-10 is a designation averred to be fictitious per the requirements of Pa. R.C.P. 2005(a)(2). After conducting a reasonable search to determine identities, Plaintiff uses the John Doe designations as he was unable to determine the identities of the offending police officers.

4

Case ID: 220101772

9.     At all times relevant hereto, Defendant John Doe Philadelphia Police Officers #1-10 were employed as a police officer by the City of Philadelphia Police Department and were acting with the course and scope of their employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

10.     At all times relevant hereto, Defendant City of Philadelphia was acting through its employees, agents, servants, workmen, contractors and/or representatives, all of whom were acting within the course and scope of their employment and authority.

11.     At all times relevant hereto, Defendants acted individually and/or through their employees and/or agents under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania and the City of Philadelphia.

12.     At all times relevant hereto, Defendants acted under color of state law and acted jointly and in concert with each other.  Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

13.     At all times relevant hereto, Defendants and their employees/agents had the power to exercise his or her discretion to make decisions, take action or inaction, adopt policies, permit practices or utilize procedures within each respective role, without oversight or with meaningful review.

14.     At all times relevant hereto, all Defendants acted in concert and conspiracy to improperly and/or falsely arrest, assault, search, imprison, inflict emotional distress and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

Case ID: 220101772

15.     On or about May 29, 2020, Plaintiff was unlawfully arrested by Defendant Outterbridge without cause or justification in the area of 3900 N. 9th Street, Philadelphia, PA.

16.     At the aforesaid time and place, Plaintiff attempted to explain that he had not committed any violations of the law.

17.     Thereafter, Defendants Outterbridge and/or John Doe Philadelphia Police Officers #1-10 detained, arrested, and falsely imprisoned Plaintiff and subjected him to an unlawful search and seizure.

18.     Plaintiff was thereafter charged with violating 35 Pa. C.S.A. Section 780-113(a)(30); 35 Pa. C.S.A. Section 780-113(a)(16) and 18 Pa. C.S.A. Section 903(c).

19.     On or about August 31, 2021, all charges against Plaintiff were dismissed by the Court for lack of evidence.

20.     Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia or engage in any conduct which justified the actions of the Defendants.

21.     The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or with reckless disregard of the truth.

22.     The actions of all Defendants were undertaken in the absence of probable cause or other valid or reasonable lawful basis.

23.     As a direct result of the actions of all Defendants, Plaintiff was deprived of the rights, privileges and immunities guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

24.     As a direct and proximate result of the conduct of all Defendants, Plaintiff was forced to miss time from work and incur various expenses.

6

Case ID: 220101772

25.     As a direct and proximate result of the conduct of all Defendants, Plaintiff sustained loss of liberty and financial losses, all to his great detriment and loss.

26.     As a direct and proximate result of the conduct of all Defendants, Plaintiff continues to suffer a loss of his enjoyment of life, emotional distress, anguish, embarrassment and extreme humiliation, and has and/or will incur expenses in connection therewith and will continue to suffer the same for an indefinite period of time in the future, to his great detriment and loss.

27.     The injuries and damages sustained by Plaintiff resulted solely from the negligence, carelessness and recklessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

**COUNT I**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**FALSE ARREST, FALSE IMPRISONMENT AND ABUSE OF PROCESS**

28.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

29.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff as described hereinabove.

30.     As a direct and proximate result of the malicious and intentional conduct of all Defendants, Plaintiff sustained the injuries and damages that are described hereinabove.

31.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

Case ID: 220101772

**COUNT II**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**MALICIOUS PROSECUTION**

32.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

33.     As described hereinabove, Defendants intentionally, maliciously, and without probable cause, initiated and caused Plaintiff to be subjected to criminal proceedings.

34.     The aforementioned criminal proceedings were terminated in Plaintiff's favor.

35.     Defendants initiated the aforementioned criminal proceedings without probable cause and for a purpose other than bringing Plaintiff to justice.

36.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered a deprivation of liberty and the injuries and damages that are described hereinabove.

37.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT III**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

38.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

39.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested,

8

Case ID: 220101772

imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff.

40.    All Defendants engaged in a pattern of willful, intentional and outrageous activity as described hereinabove that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

41.    At all times relevant hereto, All Defendants knew or should have known that their conduct would cause Plaintiff to experience severe emotional distress and mental trauma.

42.    The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

43.    The conduct of all Defendants was a result of willful, intentional, reckless and outrageous indifference to the highly unreasonable risk of harm and conscious indifference to Plaintiff's health, safety and welfare.

44.    As a direct and proximate result of the intentional conduct of all Defendants, Plaintiff sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

45.    The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

Case ID: 220101772

**COUNT IV**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

46.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

47.     All Defendants engaged in a pattern of conduct which they knew or should have known involved an unreasonable risk of causing emotional distress and that emotional distress, if it were caused, might result in illness, bodily harm, severe emotional distress and/or mental trauma.

48.     The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

49.     As a direct and proximate result of the negligent conduct of all Defendants, Plaintiff has sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

**COUNT V**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**CIVIL CONSPIRACY**

50.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

51.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, committed acts against Plaintiff, including malicious prosecution, false arrest, false imprisonment and unlawful search in the absence of probable cause or other valid and reasonable

10

Case ID: 220101772

lawful basis. Thereafter, the defendant officers made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct in an attempt to deny Plaintiff access to the courts and to due process.

52.     The conduct of the defendant officers, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and/or the reckless disregard of the truth.

53.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered the injuries and damages that are described hereinabove.

54.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, for compensatory and punitive damages in an amount not in excess of $50,000.00, along with interest, costs, attorney's fees and such other relief as this Court shall consider to be fair, just and equitable under the circumstances.

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 1/21/2022              BY:     /s/ Daniel J. Devlin
                                     _____
                                     Daniel J. Devlin, Esquire
                                     Attorney for Plaintiff

Case ID: 220101772

## <u>VERIFICATION</u>

I, Malik Jones, hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

/s/ Malik Jones

Dated: 1/21/2022

_____

Malik Jones

12

Case ID: 220101772

Exhibit "B"

**VAN DER VEEN, HARTSHORN & LEVIN**
BY:    Daniel J. Devlin
      ID No. 306573
      1219 Spruce Street
      Philadelphia, PA 19107
      P: (215) 546-1000
      F: (215) 546-8529



*Filed and Attested by the
Office of Judicial Records
08 APR 2022 06:50 pm
R. SCHREIBER*

**ARBITRATION MATTER**
**ATTORNEY FOR PLAINTIFF**

---

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| **3938 N. 9ᵗʰ Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19140** | : | **CIVIL ACTION** |
| | : | |
|          **Plaintiff,** | : | |
| **v.** | : | **JANUARY TERM, 2022** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | No. 01772 |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #215673** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
|          **Defendants.** | : | |

---

1

Case ID: 220101772

## NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER   REFERRAL   AND   INFORMATION SERVICE

One Reading Center
Philadelphia, Pennsylvania 19107
Telephone:  215-238-6333

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.    SI    NO    TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA  EN  PERSONA  O  LLAME  POR TELEFONO    A    LA    OFICINA    CUYA DIRECCIÓN   SE   ENCUENTRA   ESCRITA ABAJO  PARA  AVERIGUAR  DONDE  SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION    DE    LICENCIADOS    DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

One Reading Center
Filadelfia, Pennsylvania 19107
Telefono:  215-238-6333

2

Case ID: 220101772

**VAN DER VEEN, HARTSHORN & LEVIN**
BY:   **Daniel J. Devlin**
      **ID No. 306573**
      **1219 Spruce Street**
      **Philadelphia, PA 19107**
      **P: (215) 546-1000**             **ARBITRATION MATTER**
      **F: (215) 546-8529**             **ATTORNEY FOR PLAINTIFF**

---

| | | |
|---|---|---|
| **MALIK JONES** | : | **COURT OF COMMON PLEAS** |
| **3938 N. 9th Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19140** | : | **CIVIL ACTION** |
| | : | |
|         **Plaintiff,** | : | |
| **v.** | : | **JANUARY TERM, 2022** |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **c/o Law Department** | : | No. 01772 |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **OFFICER BRYAN OUTTERBRIDGE** | : | |
| **BADGE #215673** | : | |
| **Individually and as a police officer for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN DOE PHILADELPHIA POLICE** | : | |
| **OFFICERS #1-10** | : | |
| **Individually and as police officers for the** | : | |
| **Philadelphia Police Department** | : | |
| **c/o Law Department** | : | |
| **1515 Arch Street** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | |
|         **Defendants.** | : | |

---

## AMENDED COMPLAINT

    1.    Plaintiff Malik Jones is an adult individual who, at all times relevant hereto,

resided at the address indicated above.

3

2.      Defendant City of Philadelphia is a municipality existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at the address indicated above.

3.      Defendant City of Philadelphia owns, operates, manages, directs and controls the Philadelphia Police Department, a law enforcement agency, which employs the other named defendants.

4.      Defendant City of Philadelphia is the legal entity and municipal policymaker responsible for the Philadelphia Police Department and possesses final policy-making and decision-making authority over the Philadelphia Police Department and its officers pursuant to state and local law.

5.      Defendant Officer Bryan Outterbridge is an adult individual who, at all times relevant hereto, was employed at the address indicated above as a police officer with the Philadelphia Police Department. He is being sued in his individual capacity.

6.      At all times relevant hereto, Defendant Outterbridge was employed as a police officer by the City of Philadelphia Police Department and was acting with the course and scope of his employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

7.      Defendant John Doe Philadelphia Police Officers #1-10 are adult individuals who, at all times relevant hereto, were employed at the address indicated above as police officers with the Philadelphia Police Department. They are being sued in their individual capacity.

8.      Defendant John Doe Philadelphia Police Officers #1-10 is a designation averred to be fictitious per the requirements of Pa. R.C.P. 2005(a)(2). After conducting a reasonable search to determine identities, Plaintiff uses the John Doe designations as he was unable to determine the identities of the offending police officers.

Case ID: 220101772

9.     At all times relevant hereto, Defendant John Doe Philadelphia Police Officers #1-10 were employed as a police officer by the City of Philadelphia Police Department and were acting with the course and scope of their employment and authority, under the color of state law and pursuant to the policies, practices and/or customs of the City of Philadelphia Police Department.

10.     At all times relevant hereto, Defendant City of Philadelphia was acting through its employees, agents, servants, workmen, contractors and/or representatives, all of whom were acting within the course and scope of their employment and authority.

11.     At all times relevant hereto, Defendants acted individually and/or through their employees and/or agents under color of law and under the color of the statutes, customs, ordinances and usage of the Commonwealth of Pennsylvania and the City of Philadelphia.

12.     At all times relevant hereto, Defendants acted under color of state law and acted jointly and in concert with each other.  Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

13.     At all times relevant hereto, Defendants and their employees/agents had the power to exercise his or her discretion to make decisions, take action or inaction, adopt policies, permit practices or utilize procedures within each respective role, without oversight or with meaningful review.

14.     At all times relevant hereto, all Defendants acted in concert and conspiracy to improperly and/or falsely arrest, assault, search, imprison, inflict emotional distress and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

Case ID: 220101772

15.     On or about May 29, 2020, Plaintiff was unlawfully arrested by Defendant Outterbridge without cause or justification in the area of 3900 N. 9th Street, Philadelphia, PA.

16.     At the aforesaid time and place, Plaintiff attempted to explain that he had not committed any violations of the law.

17.     Thereafter, Defendants Outterbridge and/or John Doe Philadelphia Police Officers #1-10 detained, arrested, and falsely imprisoned Plaintiff and subjected him to an unlawful search and seizure.

18.     Plaintiff was thereafter charged with violating 35 Pa. C.S.A. Section 780-113(a)(30); 35 Pa. C.S.A. Section 780-113(a)(16) and 18 Pa. C.S.A. Section 903(c).

19.     On or about August 31, 2021, all charges against Plaintiff were dismissed by the Court for lack of evidence.

20.     Plaintiff did not commit any offenses against the laws of the Commonwealth of Pennsylvania, the United States or the City of Philadelphia or engage in any conduct which justified the actions of the Defendants.

21.     The actions of all Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or with reckless disregard of the truth.

22.     The actions of all Defendants were undertaken in the absence of probable cause or other valid or reasonable lawful basis.

23.     As a direct result of the actions of all Defendants, Plaintiff was deprived of the rights, privileges and immunities guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania.

24.     As a direct and proximate result of the conduct of all Defendants, Plaintiff was forced to miss time from work and incur various expenses.

Case ID: 220101772

25.     As a direct and proximate result of the conduct of all Defendants, Plaintiff sustained loss of liberty and financial losses, all to his great detriment and loss.

26.     As a direct and proximate result of the conduct of all Defendants, Plaintiff continues to suffer a loss of his enjoyment of life, emotional distress, anguish, embarrassment and extreme humiliation, and has and/or will incur expenses in connection therewith and will continue to suffer the same for an indefinite period of time in the future, to his great detriment and loss.

27.     The injuries and damages sustained by Plaintiff resulted solely from the negligence, carelessness and recklessness of the Defendants, and was due in no manner whatsoever to any act or failure to act on the part of Plaintiff.

**COUNT I**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**FALSE ARREST, FALSE IMPRISONMENT AND ABUSE OF PROCESS**

28.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

29.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff as described hereinabove.

30.     Defendants violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by falsely arresting Plaintiff, falsely imprisoning Plaintiff and subjecting Plaintiff to an abuse of process.

31.     As a direct and proximate result of the malicious and intentional conduct of all Defendants, Plaintiff sustained the injuries and damages that are described hereinabove.

7

Case ID: 220101772

32.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT II**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**MALICIOUS PROSECUTION**

33.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

34.     As described hereinabove, Defendants intentionally, maliciously, and without probable cause, initiated and caused Plaintiff to be subjected to criminal proceedings.

35.     The aforementioned criminal proceedings were terminated in Plaintiff's favor.

36.     Defendants initiated the aforementioned criminal proceedings without probable cause and for a purpose other than bringing Plaintiff to justice.

37.     Defendants violated Plaintiff's civil rights under 42 U.S.C.A. § 1983 and the Fourth Amendment to the United States Constitution by maliciously prosecuting Plaintiff.

38.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered a deprivation of liberty and the injuries and damages that are described hereinabove.

39.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

8

Case ID: 220101772

**COUNT III**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

40.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

41.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, did knowingly, intentionally, negligently, maliciously and/or recklessly, falsely arrested, imprisoned and prosecuted Plaintiff in the absence of probable cause or other valid and reasonable lawful basis, causing significant injury to Plaintiff.

42.     All Defendants engaged in a pattern of willful, intentional and outrageous activity as described hereinabove that was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

43.     At all times relevant hereto, All Defendants knew or should have known that their conduct would cause Plaintiff to experience severe emotional distress and mental trauma.

44.     The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

45.     The conduct of all Defendants was a result of willful, intentional, reckless and outrageous indifference to the highly unreasonable risk of harm and conscious indifference to Plaintiff's health, safety and welfare.

46.     As a direct and proximate result of the intentional conduct of all Defendants, Plaintiff sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

Case ID: 220101772

47.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

**COUNT IV**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

48.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

49.     All Defendants engaged in a pattern of conduct which they knew or should have known involved an unreasonable risk of causing emotional distress and that emotional distress, if it were caused, might result in illness, bodily harm, severe emotional distress and/or mental trauma.

50.     The conduct of all Defendants was an outrageous violation of societal norms and went so far beyond all possible bounds of decency as to be regarded as atrocious and utterly intolerable in a civilized community.

51.     As a direct and proximate result of the negligent conduct of all Defendants, Plaintiff has sustained physical injuries, damages and severe emotional distress, which has required and/or will require Plaintiff to undergo medical, psychological, mental health and/or psychiatric treatment.

**COUNT V**
**PLAINTIFF JONES**
**v.**
**ALL DEFENDANTS**
**CIVIL CONSPIRACY**

52.     Plaintiff incorporates by reference thereto the preceding paragraphs, as though same were set forth herein at length.

10

53.     At the aforesaid time and place, Defendants, acting in concert, conspiracy and/or jointly, committed acts against Plaintiff, including malicious prosecution, false arrest, false imprisonment and unlawful search in the absence of probable cause or other valid and reasonable lawful basis. Thereafter, the defendant officers made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct in an attempt to deny Plaintiff access to the courts and to due process.

54.     The conduct of the defendant officers, acting in concert and conspiracy, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and/or the reckless disregard of the truth.

55.     The conduct of Defendants was undertaken for the purpose of impeding, hindering, obstructing or defeating the due course of justice in Pennsylvania with intent to deny to Plaintiff the equal protection of the laws and with intent to injure him for lawfully enforcing or attempting to enforce his right to equal protection of the laws in violation of 42 U.S.C. Section 1985.

56.     As a direct and proximate result of the malicious and intentional acts of Defendants, Plaintiff suffered the injuries and damages that are described hereinabove.

57.     The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous and unjustifiable and, therefore, punitive damages are necessary and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants and each of them, jointly and severally, for compensatory and punitive damages in an amount not in excess of $50,000.00, along with interest, costs, attorney's fees and such other relief as this Court shall consider to be fair, just and equitable under the circumstances.

11

Case ID: 220101772

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 4/8/2022                    BY:      /s/ Daniel J. Devlin
                                        _____
                                        Daniel J. Devlin, Esquire
                                        Attorney for Plaintiff

12

Case ID: 220101772

## <u>VERIFICATION</u>

I, Malik Jones, hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Dated: 4/8/2022

/s/ Malik Jones
_____
Malik Jones

13

Case ID: 220101772

Exhibit "C"

CITY OF PHILADELPHIA LAW DEPARTMENT
**KATELYN MAYS**
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 324246
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
TEL (215) 683-5434 AND FAX (215) 683-5397
katelyn.mays@phila.gov

*Attorney for Defendants*

|  |  |  |
|---|---|---|
| **MALIK JONES,** | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | OF PHILADELPHIA COUNTY |
|  | : |  |
| v. | : |  |
|  | : |  |
| **CITY OF PHILADELPHIA, ET AL.** | : |  |
|  | : | No. 220101772 |
| Defendants. | : |  |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendants, City of Philadelphia and Officer Bryan Outterbridge, by and through undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

Date: May 4, 2022          */s/ Katelyn Mays*
                          Katelyn Mays, Esquire

CITY OF PHILADELPHIA LAW DEPARTMENT
**KATELYN MAYS**
ASSISTANT CITY SOLICITOR
IDENTIFICATION NO. 324246
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
TEL (215) 683-5434 AND FAX (215) 683-5397
katelyn.mays@phila.gov

*Attorney for Defendants*

|  |  |  |
|---|---|---|
| **MALIK JONES,** | : | COURT OF COMMON PLEAS |
| Plaintiff, | : | OF PHILADELPHIA COUNTY |
|  | : |  |
| v. | : |  |
|  | : |  |
| **CITY OF PHILADELPHIA, ET AL.** | : |  |
|  | : | No. 220101772 |
| Defendants. | : |  |
|  | : |  |

## <u>CERTIFICATE OF SERVICE</u>

I, Katelyn Mays, Assistant City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Filing Notice of Removal has been served upon the plaintiffs' attorney on the date indicated below:

TO:   Daniel J. Devlin, Esquire
        Van der Veen, Hartshorn, and Levin
        1219 Spruce Street
        Philadelphia, PA 19107

*/s/ Katelyn Mays*
**KATELYN MAYS**
**Assistant City Solicitor**
**Attorney ID No. 324246**

Date: May 4, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**MALIK JONES,**                                      Civil Action No. _____

**v.**

**CITY OF PHILADELPHIA,**
**et al.**

### CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.                          (    )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                               (    )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (    )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                        (    )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                           (    )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.               ( **X** )


| May 4, 2022 | Katelyn Mays, Esq. | City of Philadelphia and Officer Bryan Outterbridge |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| **(215) 683-5434** | **(215) 683-5397** | **katelyn.mays@phila.gov** |
| Telephone | FAX Number | E-mail Address |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

***RELATED CASE, IF ANY:***

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____
                                                     *Katelyn Mays*
                                         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.   FELA
- ☐ 3.   Jones Act-Personal Injury
- ☐ 4.   Antitrust
- ☐ 5.   Patent
- ☐ 6.   Labor-Management Relations
- ☐ 7.   Civil Rights
- ☐ 8.   Habeas Corpus
- ☐ 9.   Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☐ 11.  All other Federal Question Cases
        *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1.   Insurance Contract and Other Contracts
- ☐ 2.   Airplane Personal Injury
- ☐ 3.   Assault, Defamation
- ☐ 4.   Marine Personal Injury
- ☐ 5.   Motor Vehicle Personal Injury
- ☐ 6.   Other Personal Injury *(Please specify):* _____
- ☐ 7.   Products Liability
- ☐ 8.   Products Liability – Asbestos
- ☐ 9.   All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

- ☐   Relief other than monetary damages is sought.

DATE: _____     _____     _____
                                         *Sign here if applicable*
                                         *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Malik Jones | City of Philadelphia, Officer Bryan Outterbridge, John Doe Officers |
| **(b)** County of Residence of First Listed Plaintiff    Philadelphia<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Philadelphia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Daniel J. Devlin, Van der Veen, Hartshorn, and Levin<br>1219 Spruce Street, Philadelphia, PA 19107<br>215 515 6892 | Attorneys *(If Known)*<br>Katelyn Mays, City Law Department<br>1515 Arch Street, Philadelphia, PA 19102<br>215 683 5434 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government<br>     Plaintiff | ☒ 3 Federal Question<br>     *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government<br>     Defendant | ☐ 4 Diversity<br>     *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>     Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities -<br>     Employment<br>☐ 446 Amer. w/Disabilities -<br>     Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **LABOR**<br>☐ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | ☐ 895 Freedom of Information<br>     Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>     Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original<br>     Proceeding | ☒ 2 Removed from<br>     State Court |
| ☐ 3 Remanded from<br>     Appellate Court | ☐ 4 Reinstated or<br>     Reopened |
| ☐ 5 Transferred from<br>     Another District<br>     *(specify)* | ☐ 6 Multidistrict<br>     Litigation -<br>     Transfer |
| ☐ 8 Multidistrict<br>     Litigation -<br>     Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 1983 and 1985

Brief description of cause:
Alleged violation of civil rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
     UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| May 4, 2022 | /s/ Katelyn Mays |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.