### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | Civil Action |
| **Plaintiff** | : | |
| v. | : | NO: 22-cv-01723 |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant the City of Philadelphia and Defendant Officer Bryan Outterbridge's Motion to Dismiss, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all counts against the City of Philadelphia are **DISMISSED WITH PREJUDICE,** and that Count V against the City of Philadelphia and Officer Bryan Outterbridge is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

Wendy Beetlestone, Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | Civil Action |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 22-cv-01723 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia and Officer Bryan Outterbridge ("Moving Defendants"), hereby file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, Moving Defendants incorporate the attached Memorandum of Law. Moving Defendants respectfully request that this Court dismiss all claims asserted against the City of Philadelphia with prejudice and dismiss Count V in its entirety as against Moving Defendants with prejudice.

Date:   May 11, 2022                                Respectfully submitted,

*/s/ Katelyn Mays*
Katelyn Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434
katelyn.mays@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | Civil Action |
| | : | |
| **Plaintiff** | : | |
| v. | : | NO: 22-cv-01723 |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff Malik Jones ("Plaintiff") has filed an amended complaint that attempts to assert causes of action under Sections 1983 and 1985 against Defendant City of Philadelphia (the "City") for false arrest, false imprisonment, and abuse of process (Count I), malicious prosecution (Count II), and, along with Defendant Officer Outterbridge, civil conspiracy (Count V), as well as state tort claims of intentional infliction of emotional distress (Count III) and negligent infliction of emotional distress (Count IV). Plaintiff's purported Section 1983 and 1985 claims against the City must be dismissed as he failed to allege sufficient facts about policy or practice as required to state a claim under *Monell*. The state tort claims against the City must be dismissed as barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541, *et. seq.*

Finally, Plaintiff's civil conspiracy claim (Count V) fails in his entirety as he does not support his claim with sufficient facts.

**I.    STATEMENT OF ALLEGED FACTS**

Plaintiff alleges that on or about May 29, 2020, he was unlawfully arrested by Officer Bryan Outterbridge in the area of 3900 N. 9th Street in Philadelphia. Am. Compl. ¶ 15. According

to Plaintiff, he attempted to explain that he had not committed any violations of the law. *Id.* ¶ 16. Thereafter, Defendant Officer Outterbridge and other John Doe Officers "detained, arrested, and falsely imprisoned Plaintiff and subjected him to an unlawful search and seizure." *Id.* ¶ 17. Plaintiff contends he was then charged with violating 35 Pa.C.S.A § 780-113(a)(30); 35 Pa.C.S.A. § 780-113(a)(16); and 18 Pa.C.S.A. § 903(c)). *Id.* ¶ 18. On or about August 31, 2021, the charges were dismissed for lack of evidence. *Id.* ¶ 19.

## II.    ARGUMENT

It is axiomatic that a plaintiff cannot survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id*. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions."  *Morse*., 132 F.3d at  906.  As discussed infra, Plaintiff fails to satisfy these pleading burdens with respect to all claims against the City and with respect to his civil conspiracy count in its entirety.

### A.    The Court Should Dismiss Plaintiff's Amended Complaint Against the City

#### 1.    Plaintiff's Federal Claims Against the City Fail Without Sufficient Allegations of Policy or Practice

Plaintiff claims the City is liable for the alleged violation of his constitutional rights under Sections 1983 and 1985. Plaintiff has not sufficiently alleged facts, however, that the City had a policy or practice that caused a violation of his constitutional rights. Thus, these claims must be dismissed.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable…on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Brown v. City of Pittsburgh*, 586 F.3d 263, 292 (3d Cir. 2009) (internal quotations omitted). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing ... municipal policy, which policy can be attributed to a municipal policymaker." *Id.* (internal quotations omitted).

Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted).

Here, Plaintiff fails to factually support his claims that the City should be held liable under Section 1983 for false arrest, false imprisonment, and abuse of process (Count I) and malicious prosecution (Count II) or under Section 1985 for civil conspiracy (Count V) with a municipal policy or custom that would support a *Monell* claim. Specifically, Plaintiff fails to allege, as he must, what policy, practice or custom the City implemented that brought about his alleged constitutional violations. Instead, Plaintiff baldly alleges that Defendant Officer Bryan Outterbridge and Defendant John Doe Police Officers #1-10 acted "pursuant to the policies,

practices and/or customs of the City of Philadelphia Police Department." Am. Compl. ¶¶ 6, 9. Such conclusory and general averments are insufficient to state a claim for municipal liability. *See Wood v. Williams*, 568 F. App'x 100, 103-04 (3d Cir. 2014) (affirming dismissal of a *Monell* claim in which the plaintiff set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability).

### 2. Plaintiff's State Tort Claims Against the City are Barred by the Political Subdivision Tort Claims Act

The Court should dismiss all of Plaintiff's state tort claims against the City with prejudice. Specifically, Plaintiff alleges claims of intentional infliction of emotional distress (Count III) and negligent infliction of emotional distress (Count IV) against the City. These claims are barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S.A. §§ 8541, *et. seq.* The Tort Claims Act provides immunity from personal injury suits for the City except under limited circumstances. 42 Pa.C.S.A. § 8541. According to Section 8541 of the Tort Claims Act, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." *Id.* The City is a local agency within the meaning of the Tort Claims Act. The eight narrow exceptions to immunity provided by the Tort Claims Act are: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody or control of animals; and (9) sexual abuse. 42 Pa.C.S. § 8542(b)(1)-(9).

Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress do not fall within any of the narrow exceptions. 42 Pa.C.S. § 8542(b)(1)-(9). *See Lumumba v. Phila. Dep't of Human Servs.*, No. 98-5195, 1999 WL 345501, at *4-5 (E.D. Pa. May 21, 1999) (stating that negligent infliction of emotional distress claim and intentional

infliction of emotional distress claim are barred by the Tort Claims Act). As a result, Plaintiff's claims for intentional infliction of emotional distress (Count III) and negligent infliction of emotional distress (Count IV) should be dismissed.

### B. The Court Should Dismiss Plaintiff's Conspiracy Claim Pursuant to § 1985 Because He Pleads Insufficient Facts

Section 1985(3) provides a private right of action for an individual who has been injured by a conspiracy of two or more persons to deprive him of "the equal protection of the laws, or of equal privileges and immunities under the law." 42 U.S.C. § 1985(3). In order to state a cognizable claim pursuant to § 1985(3), a complaint must plausibly allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person [of] the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d. Cir. 1997). Proof of conspiracy, or an agreement to commit an unlawful act, is an essential element under § 1985. *Gordon v. Lowell*, 95 F. Supp. 2d 264, 270 (E.D. Pa. 2000). That is, "[a]n allegation of conspiracy is insufficient to sustain a cause of action under [§ 1985]; it is not enough to use the term 'conspiracy' without setting forth supporting facts that tend to show an unlawful agreement." *Id*. The Court does "not consider any conclusory allegations [such as] that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants." *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 421 (E.D. Pa. 2020).

Further, because § 1985(3) requires "the intent to deprive of equal protection, or equal privileges and immunities," a claimant must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" in order to state a claim. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983).

Plaintiff fails at the outset to set forth any facts from which a conspiratorial agreement can be inferred. Rather, Plaintiff only sets forth conclusory allegations that "all Defendants acted in concert and conspiracy to improperly and/or falsely arrest, assault, search, imprison, inflict emotional distress and otherwise deprive Plaintiff of rights guaranteed by the laws and Constitution of the Commonwealth of Pennsylvania." Am. Compl. ¶ 14. Plaintiff's vague and conclusory allegations that all defendants purportedly "acted in concert and conspiracy"—without more—cannot support his claim. *See Yoast*, 437 F. Supp. 3d at 421 (dismissing claim of civil conspiracy where the plaintiff pled only "conclusory allegations that the defendants 'were acting in concert' or 'acted in collusion'").

Moreover, Plaintiff does not even attempt to allege any racial or class-based discriminatory animus. For this reason, too, his claim must be dismissed. Absent any allegations that the City and its employees were motivated by any particular animus, let alone a racial or class-based animus, Plaintiff's claim must fail. *United Bhd. of Carpenters, Local 610*, 463 U.S. at 829; *see Gelpi v. City of Philadelphia*, 183 F. Supp. 3d 684, 690–91 (E.D. Pa. 2016) (dismissing civil conspiracy claim under § 1985 where the plaintiff "d[id] not allege that the City was motivated by any particular animus, let alone a racial or class-based animus").

## III.   CONCLUSION

For the foregoing reasons, the Court should grant this Motion and dismiss all counts against the City of Philadelphia with prejudice and dismiss Count V for civil conspiracy with prejudice as to both the City of Philadelphia and Officer Outterbridge.

| | |
|---|---|
| Date: May 11, 2022 | Respectfully submitted,<br><br>/s/ *Katelyn L. Mays*<br>Katelyn L. Mays<br>Assistant City Solicitor<br>Pa. Attorney ID No. 324246<br>City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>215-683-5434 (phone)<br>215-683-5397 (fax)<br>katelyn.mays@phila.gov |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALIK JONES,** | : | Civil Action |
| **Plaintiff** | : | |
| v. | : | NO: 22-cv-01723 |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendant the City of Philadelphia and Defendant Officer Bryan Outterbridge's Motion to Dismiss, Memorandum of Law in support thereof, Proposed Form of Order, and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date:  May 11, 2022            Respectfully submitted,

/s/ *Katelyn L. Mays*
Katelyn L. Mays
Assistant City Solicitor
Pa. Attorney ID No. 324246
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5434 (phone)
215-683-5397 (fax)
katelyn.mays@phila.gov